

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 1 6 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

SALVADOR ALMANZA and LAURA          §
ESPARZA, Individually and as next   §
friend of Minors Itzel Esparza and  §
Ixeida Perez                        §
                                    §
       Plaintiffs,                  §
                                    §
v.                                  §          CIVIL ACTION NO. B-06-191
                                    §
PBX, INC.                           §
                                    §
       Defendant.                   §

**OPINION & ORDER**

BE IT REMEMBERED that on January *12*, 2007, the Court **GRANTED** Defendant
PBX, Inc.'s Rule 12(b)(3) Motion to Dismiss for Improper Venue and, Alternatively, Motion
to Transfer Venue and Brief in Support. Dkt. No. 4.

I.     **Background**

This case arises out of an automobile accident that occurred on October 2, 2006.
Dkt. No. 1, at 3; Dkt. No. 4, at 2; Dkt. No. 5, Ex. B, at 1, 2. In the accident, a tractor-trailer
owned by Defendant collided with Plaintiffs' Jeep Cherokee. Dkt. No. 1, at 3; Dkt. No. 4,
at 2; Dkt. No. 5, Ex. B, at 1–6. This collision occurred on a highway, I-35, in Valley View,
Cooke County, Texas. Dkt. No. 1, at 3; Dkt. No. 4, at 2; Dkt. No. 5, Ex. B, at 1, 2.

Plaintiffs are residents of San Benito, Cameron County, Texas. Dkt. No. 1, at 1.
Defendant PBX, Inc., on the other hand, is a Delaware Corporation with its principal place
of business in Nebraska. Dkt. No. 1, at 1; Dkt. No. 4, at 3; Dkt. No. 5, Ex. D, at 1.
Defendant does not have any offices or facilities in Texas. Dkt. No. 5, Ex. D, at 2.
However, Defendant's parent corporation, Tyson Foods, Inc., maintains an office in
Houston, Texas. Dkt. No. 1, at 2. Defendant also operates a transportation business,
approximately 15 percent of which occurs in Texas. Dkt. No. 5, Ex. D, at 2. Nonetheless,

few of Defendant's in-state operations originate or involve activity in the Southern District of Texas, and most of the in-state activity takes place in the northern part of the state. *Id.*

As a result of the accident, Plaintiffs filed the instant case in this Court on November 20, 2006. Dkt. No. 1. Defendant answered by filing the motion *sub judice*, to dismiss or transfer this case based upon improper venue, on December 18, 2006. Dkt. No. 4. Plaintiffs never responded to Defendant's motion.

## II.  Opposition to the Motion

In its Certificate of Conference, Defendant states that Plaintiffs are opposed to Defendant's motion. Dkt. No. 4, at 20. However, under Chamber Rule 5.D, Plaintiffs had until January 8, 2007 to respond. That deadline has now passed, and Plaintiffs have failed to respond to Defendant's motion. Therefore, Plaintiffs are deemed to be unopposed to Defendant's motion. LOCAL RULE LR7.4.

Defendant's motion could be granted on this basis alone. *See* Hopper v. Ford Motor Co., 837 F. Supp. 840, 843 (S.D. Tex. 1993). Nonetheless, because the Court finds that the motion should be granted and that the case should be transferred, the Court will consider the motion on its merits. *Id.*

## III.  Proper Venue Under 28 U.S.C. § 1391

The general venue provision for federal courts is 28 U.S.C. § 1391. Federal subject matter jurisdiction in this case is based upon diversity jurisdiction. *See* Dkt. No. 1, at 1–2. Therefore, the determination of whether venue properly lies in this Court must be based on the provisions of 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

-2-

28 U.S.C. § 1391(a).  Furthermore, "it is the Plaintiff[s'] burden to establish that venue is proper in the judicial district in which the action has been brought."  Advanced Dynamics Corp. v. Mitech Corp., 729 F. Supp. 519, 519 (N.D. Tex. 1990).  Thus, it is Plaintiffs' burden to show that venue is proper in the Southern District of Texas under one of the three bases of 28 U.S.C. § 1391(a).

In their complaint, Plaintiffs base their allegations that venue is proper in this district 28 U.S.C. § 1391(a)(1), (c).  Dkt. No. 1, at 2–3.  Plaintiffs allege that "Defendant does extensive business in Texas where its trucks run on a consistent basis" and that "Defendant's parent company . . . maintains an office in Houston, Texas, which is within the Southern District."  Id. at 2.  Based on these allegations, Plaintiffs conclude that Defendant is subject to jurisdiction in this district, thereby making Defendant a resident of this district under 28 U.S.C. § 1391(c).[1]  Id. at 2–3.  Thus, according to Plaintiffs, venue is proper pursuant to under 28 U.S.C. § 1391(a)(1), because Defendant is considered a resident of the district.  Id.

Contrary to Plaintiffs' assertions, Defendant is not a resident of the Southern District of Texas.  First, Defendant's parent company's contacts in the Southern District, including any offices which may exist in Houston, may not be attributed to Defendant.  See Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1159–60 (5th Cir. 1983); Hopper, 837 F. Supp. at 844.  Although Defendant is a wholly owned subsidiary of Tyson Foods, Inc. ("Tyson"), Defendant's daily operations are not controlled by Tyson and Defendant maintains corporate formalities apart from Tyson.  Dkt. No. 5, Ex. D, at 2.  Therefore, Defendant is

---

[1]For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

not so dominated by Tyson that this Court will disregard their separate corporate forms and consider them as "alter egos." *See Hargrave*, 710 F.2d at 1159–60; *Hopper*, 837 F. Supp. at 844.   Thus, Defendant is not subject to jurisdiction in this district based upon the contacts of Tyson.

Second, Defendant's contacts with this district are insufficient to establish a connection upon which to subject Defendant to jurisdiction here.   *See* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).   Plaintiffs allege that "Defendant's continuous stream of trucking activity and traffic in Texas, to include the Southern District, . . . subjects Defendant to jurisdiction in the Southern District of Texas." Dkt. No. 1, at 2–3. This assertion belies a misinterpretation of 28 U.S.C. § 1391(c).   In determining whether Defendant has sufficient contacts with this district for jurisdiction over Defendant to exist here, only Defendant's contacts *with this particular district* may be considered.   28 U.S.C. § 1391(c). Defendant's activities in, and contacts with, the other judicial districts in Texas are irrelevant.   *Id*.   Thus, regardless of any trucking activity or traffic Defendant may conduct in other districts in Texas, only those activities which occur *in this district* may be considered by this Court.   *Id*.   The only evidence in the record which establishes Defendant's contacts with this district are a few vague statements by one of Defendant's Managers, Todd Candor, indicating that "PBX does not own, operate, lease, manage, or maintain any terminals, offices, or other facilities in Texas," that "only approximately 15 percent of PBX's transport business involves transportation in Texas, and the majority of those transports occur in North Texas," and that "PBX has not originated any loads in Cameron County, Texas or Willacy County, Texas since at least May 16, 2006." Dkt. No. 5, Ex. D, at 2.   Although these statements are vague and provide little actual information regarding Defendant's contacts with this district, it is clear that these statements do not show sufficient contacts to make the exercise of personal jurisdiction over Defendant appropriate in this district.[2]   *See Mitech Corp.*, 729 F. Supp. at 521.   Furthermore, the

---

[2]Defendant's argument confuses the concepts of divisions and districts and fails to provide any information regarding the total number of contacts Defendant has with the district. *See* Tapia v. Dugger, 2006 WL 2620530, *2 (W.D. Tex. Sept. 7, 2006).

burden is on the Plaintiffs to prove that venue is proper, not on the Defendant to prove that venue is improper. *Id*. at 519. Plaintiffs have failed to show that Defendant had sufficient contacts with this district[3] to subject Defendant to jurisdiction here and therefore have failed to establish that venue is proper under 28 U.S.C. § 1391(a)(1).[4]

Venue also does not exist in this section under 28 U.S.C. § 1391(a)(2). The collision which gave rise to this case occurred in Cooke County, Texas. Dkt. No. 5, Ex. B, at 1, 2. Cooke County is in the Eastern District of Texas, not the Southern District. 28 U.S.C. § 124(c)(3). Additionally, Plaintiffs Salvador Almanza, Itzel Ezparza, and Ixeida Perez were treated at a hospital in Gainesville, Texas after the collision occurred. Dkt. No. 5, Ex. B, at 3. Gainesville is also in Cooke County. Therefore, the events giving rise to the claim occurred in Cooke County, which is in the Eastern District of Texas. 28 U.S.C. § 124(c)(3). There is no evidence that *any* of the events occurred in the Southern District of Texas. Venue cannot be asserted in this district under 28 U.S.C. § 1391(a)(2).

Finally, venue does not exist pursuant to 28 U.S.C. § 1391(a)(3). That provision is a default provision, which only applies "if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). This action could be brought in the Eastern District of Texas. Therefore, 28 U.S.C. § 1391(a)(3) is inapplicable in this case.

## IV.    Effect of Improper Venue

Plaintiffs filed this case in the wrong district — the Southern District of Texas is an

---

Defendant provides information regarding the number of loads originated in the Brownsville Division, but fails to provide any information regarding loads originated in other divisions in the Southern District or regarding any loads shipped *to* any division in the district. Dkt. No. 5, Ex. D, at 2. However, the determination of whether a corporation is subject to jurisdiction in a district is based on its total contacts with that district, not within any particular division of the district. *Tapia*, 2006 WL 2620530, at *2.

[3]The Court makes no finding regarding whether Defendant has sufficient contacts with any other district in Texas to support the exercise of venue under 28 U.S.C. § 1391(a)(1).

[4]Because it is undisputed that Defendant is a not a citizen of Texas, 28 U.S.C. § 1391(c) is the only basis by which Defendant could be found to be a resident of the Southern District of Texas. Dkt. No. 1, at 1.

improper venue for this case. *See supra* § III. In this situation, the disposition of the case is governed by 28 U.S.C. § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

"Transfer of the case to a court with proper venue is the 'usual procedure.'" Taylor v. Rumsfeld, 2006 WL 213961, *2 (S.D. Tex. Jan. 25, 2006) (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (2d ed.1986)). Furthermore, "the presumption should be in favor of transfer as the normal procedure, and dismissal is only appropriate in unusual circumstances." 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (3d ed. 1998). In this case, there is no evidence that Plaintiffs filed this case in the wrong district for an improper purpose or motive and it would be more efficient and economical to transfer the case than to make Plaintiffs re-file the case in the Eastern District. *Id.*; *Taylor*, 2006 WL 213961, at *2. Moreover, it appears that Plaintiffs filed in this district merely because they are residents of not only the Southern District, but of the Brownsville Division. *Taylor*, 2006 WL 213961, at *2. Therefore, the Court finds that it would be in the interest of justice to transfer this case to the Eastern District of Texas, and not to dismiss it.

## V.    Conclusion

Based on the foregoing, the Court **GRANTS** Defendant PBX, Inc.'s Motion to Transfer Venue. Dkt. No. 4. Furthermore, the Court **DENIES** Defendant PBX, Inc's Motion to Dismiss for Improper Venue. Dkt. No. 4. Finally, the Court **TRANSFERS** this case to the Eastern District of Texas, Sherman Division.

DONE at Brownsville, Texas, this ⎧2⎫ day of January, 2007.

Hilda G. Tagle
United States District Judge

-6-